## WILEY for Use, etc., v. BOROUGH OF TOWANDA.

*(Circuit Court, W. D. Pennsylvania. February 17, 1886.)*

CONTRACT IN BEHALF OF PROPOSED CORPORATION—PRELIMINARY AGREEMENT—SUBSEQUENT ADOPTION OF CONTRACT.

The defendant and W. (who professedly acted in behalf of a corporation to be organized) executed an agreement under seal, providing for the erection, by the proposed corporation, of water-works; the defendant covenanting to pay to such corporation for the use of water a certain sum of money yearly, and it was stipulated that the agreement should inure to the exclusive benefit of the proposed corporation, and should be adopted and executed by it within 30 days from the date of its letters patent, or else the agreement should be void. The contemplated corporation having been created, within the prescribed time adopted the agreement, and formally executed the same under its corporate seal. In an action for subsequent breaches of the defendant's said covenant, brought by W. for the use of the corporation, *held*, that the agreement between the defendant and W. was preliminary, and was superseded by the completed contract between the defendant and the corporation, which ensued upon the adoption and execution of the agreement by the latter, and that the right of action was in the corporation and not in W.

At Law. Action of covenant.

*John F. Sanderson* and *John N. Califf*, for the demurrer.

*W. B. Rodgers* and *John S. McCleave*, contra.

ACHESON, J. It is quite true that where the citizenship of the plaintiff gives jurisdiction, and the legal right to sue is in him, the court will not inquire into the citizenship of the party beneficially interested in the claim. The question presented, then, is whether Solon L. Wiley is invested with such legal right. To determine this, resort must be had to the written agreement declared on; and, as the scope thereof is indicated by the opening paragraph, it may be well to quote it at length:

"This agreement made this twenty-eighth day of October, A. D. 1879, between the borough of Towanda, in the county of Bradford, and state of Pennsylvania, party of the first part, in pursuance of a resolution adopted by the town council of said borough on the twentieth day of October, A. D. 1879, and Solon L. Wiley, for and on behalf of the corporation to be organized in pursuance of the act of assembly of Pennsylvania approved the twenty-ninth day of April, 1874, and its supplements, for the supply of water to the public, party of the second part; and this contract shall only inure to the benefit

of such proposed corporation, and shall be adopted by resolution of the proper officers of the said proposed corporation, and be duly executed on its part within thirty days from the date of its letters patent, or else this agreement shall be void."

Here follows the defendant's covenant (for the breach of which this suit is brought) to "*pay to said proposed corporation,*" for the use of water to be furnished from 50 fire-hydrants, etc., the yearly sum of $2,500, etc. The agreement then proceeds in the language following:

"And the said party of the second part hereby covenants and agrees, on *its* part, that *it* will erect and maintain a good and sufficient system of water-works for said borough for protection against fire, and for domestic and other purposes," etc.

In setting forth in detail the various things to be done by the party of the second part, the word "they" is sometimes employed, but manifestly the proposed corporation is meant, and Wiley does not bind himself personally to do or observe anything. Besides being executed by the defendant, the agreement was signed and sealed by Wiley. The plaintiff's declaration, however, recites that "the said Towanda Water-works Company did also, by resolution of its board of directors, and by its proper officers, adopt the said indenture, and did duly execute the same on its part within thirty days from the date of its letters patent," and, upon an inspection of the agreement itself, the formal execution thereof by the Towanda Water-works—by the signatures of its proper officers, and the affixing thereto of its corporate seal—appears as of December 6, 1879.

Such being the admitted facts, how can the present action be maintained? It may be conceded, indeed, that where a covenant is entered into between two parties for the benefit of a third, the action thereon must be brought in the name of the party to whom it is made, and not by him for whose benefit it is made. *Strohecker* v. *Grant,* 16 Serg. & R. 237. No doubt the general rule is that one not a party to a deed *inter partes* cannot sue upon any contract contained in it. *De Bolle* v. *Pennsylvania Ins. Co.,* 4 Whart. 68; Dicey, Parties, 118. But is not the corporation, the Towanda Water-works, a party to the instrument in suit? Has it not adopted the agreement, and set its corporate seal thereto, and this in pursuance of one of its express provisions? Now, a party who adopts a contract made in his behalf, by the ratification is bound by it the same as if he were an original party. Whart. Ag. § 73. Obviously, the intention of the parties to the original agreement here was that, touching the whole subject-matter thereof, the ultimate contract should be between the borough of Towanda on the one side, and on the other side a corporation created with authority to erect the contemplated water-works. Nothing can be plainer. Wiley assumed no personal obligation whatsoever, and he was expressly excluded from any individual benefit. Moreover, it was a fundamental condition of the agreement that if the proposed corporation, within thirty days from the date of its letters patent, did

not adopt and duly execute the contract, the agreement should be void. The true view of the case, then, it seems to me, is this: that the agreement between the borough of Towanda and Wiley was preliminary, and was superseded by the completed contract which ensued upon the adoption and execution of the said agreement by the Towanda Water-works Company. Thereby direct and complete contract relations sprang up between the two corporations. The purpose of Wiley's intervention had thus been fulfilled, and the preliminary agreement (at least in so far as he is concerned) is *functus officio*. *Chesbrough* v. *New York & E. R. Co.*, 13 How. Pr. 559.

It will be perceived that the defendant's covenant is not to pay to Wiley, but directly to the corporation; and hence the suggestion that the interest of the corporation is equitable, the legal right being in Wiley, is without force. It may be well to add that the breaches of covenant complained of occurred after the corporation had executed the agreement. It is not pretended that there was any prior breach, nor indeed could there have been.

I am of opinion that the sole right of action is in the Towanda Water-works; but, even if Wiley's relation as a party to the instrument in suit would require the use of his name as a plaintiff, still the joinder of the corporation, which is also a party to the indenture, and the real party in interest, as co-plaintiff, would surely be necessary. Dicey, Parties, 119.

The demurrer must be sustained.